JAKE HARRIS *v.* PATSY LAWSON.

**Vendor and Purchaser—Rescission of Contract of Sale Restoring Possession.**

Where one enters land under a contract of purchase, he is bound to restore possession to the vendor upon rescission of the contract of sale, before he will be allowed to dispute the title of the vendor.

**Assignments—Warranty of Title.**

The assignment of a title bond does not carry with it a warranty of title.

**Vendor and Purchaser—Fraud of Purchaser.**

Where one in the purchase of land practices a fraud on his ignorant and illiterate vendor he will not be permitted to take advantage of the fraud.

### APPEAL FROM ESTILL CIRCUIT COURT.

February 7, 1873.

Opinion by Judge Lindsay:

It was not necessary for the purposes of this suit that Patsy Lawson should make out a perfect title to the land in controversy.

Harris entered under her, and when the contract of sale was rescinded he was bound to restore the possession. Until he does this he holds under her title, and cannot be allowed to dispute it.

The assignment to him of the title bond of Mason does not relieve him from this allegiance to the title under which he entered, even though the boundaries set out in said bond cover that of this land. The assignment of a title bond carries with it no warranty of title, but if it did, the circumstances of this case precludes Harris from taking advantage of it. Whilst holding the land in contest as a purchaser from Patsy Lawson, he made the contract as her agent with the agent of Mason. If he bought her land then in his possession, and claimed by him, he practiced a fraud on his ignorant and illiterate principal, and he will not now in a contract with her be permitted to take advantage of this fraud.

Although it does not appear how the plat of the survey made by Benton got into the case, it is marked filed by the clerk, and was treated as part of the record of the court when the judgment was rendered.

But independent of anything set out in this paper there is ample evidence to sustain the judgment. It is therefore *affirmed*.

*Burnam, for appellant.*

*Lilly, for appellee.*